UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **G SIX CONSULTING, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:25-CV-2785-B** |
| | § | |
| **DICKEY'S BARBECUE RESTAURANTS, INC.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Dickey's Barbeque Restaurants, Inc. ("DBR")'s Emergency Motion to Quash Writ of Execution (Doc. 34). For reasons explained below, the Court **DENIES** DBR's Motion to Quash Writ of Execution.

This case arises out of arbitration proceedings between G Six Consulting, LLC ("G Six") and DBR. On August 7, 2025, G Six was awarded $717,480.03 plus interest at the judgment rate against DBR by arbitrator Gary Leydig. *See* Doc. 1, Pet., Ex. 3. On October 14, 2025, G Six petitioned this Court to confirm this arbitration award. *See* Doc. 1, Pet. DBR opposed the confirmation and, in turn, petitioned the Court to vacate the arbitration award. *See* Doc. 7, Pet. Vacate Award. On July 16, 2026, the Court granted G Six's Petition and confirmed "the Arbitrator's award of $717,480.03 plus interest accruing as of the date of the Arbitrator's Final Award in accordance with applicable law." Doc. 29, Mem. Op. & Order, 13. The same day, the Court filed a Final Judgment confirming these findings, stating: "It is further ORDERED and ADJUGED that the Arbitrator's Final Award (Doc. 1-3) is CONFIRMED." Doc. 30, Final J., 1.

To enforce the Court's confirmation of the arbitration award, G Six sought and received a

Writ of Execution after the thirty-day statutory stay had passed. Doc. 32, Appl. for Writ; Doc. 33, Writ. DBR has now asked the Court to quash the Writ. Doc. 34, Mot.

"A money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.*

DBR makes two arguments in support of its Motion. Both fail. First, DBR asserts that 28 U.S.C. § 3203 controls the procedure for writs of execution on judgments between private parties and requires G Six's Writ to specify "the judgment debtor's last known address." § 3203(c)(2)(A). DBR begins by acknowledging that, under Rule 69, the procedure of the state where the court is located applies to writs of execution, unless a federal statute applies. DBR then invokes "the Federal Statute governing writs of execution" as providing the requirements for writs, citing to the Federal Debt Collection Act ("FDCA"). Doc. 34, Mot., 2. Contrary to DBR's interpretation, however, the FDCA does not govern writs of execution enforcing a judgment between private parties. Not only would DBR's reading render the state law procedure prescribed by Rule 69(a) wholly meaningless, but it is also clear from the language of the FDCA that its provisions only apply to collections for the United States.

The FDCA expressly states: "the chapter provides the exclusive civil procedures for the United States-- (1) to recover a judgment on a debt; or (2) to obtain, before judgment on a claim for a debt, a remedy in connection with such claim." § 3001(a). Moreover, the chapter defines a "debt" as "an amount that is owing *to the United States*" and a judgment as "a judgment, order, or decree entered in favor *of the United States*." §§ 3002(3), 3002(8) (emphases added). Thus, the Court finds

DBR's first argument baseless because the United States is not a party to this action and no judgment, order, or decree has been entered "in favor of the United States."[1]

In accordance with Rule 69(a), Texas writ procedures—not the FDCA procedures—apply to G Six's Writ of Execution. Fed. R. Civ. P. 69(a). Texas Rules of Civil Procedure 629 and 630 provide the requirements for a writ of execution to be valid. Tex. R. Civ. P. 629, 630. Under both rules, a writ is not required to specify the judgment debtor's last known address. *See id.* Thus, DBR's argument fails under the applicable rules.

Second, DBR argues that G Six must move for the Court to amend its Final Judgment before G Six can apply for a Writ of Execution because the Final Judgment is fatally deficient. In support of its argument, DBR cites to two factually inapposite cases decided on entirely different procedural postures: *Citizens Elec. Corp. v. Bituminous Fire & Marine Ins. Co.*, 68 F.3d 1016 (7th Cir. 1995); *PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-cv-5183, 2015 WL 9413880 (S.D.N.Y. Dec. 21, 2015).

In *Citizens Electric*, the court reviewed the grant of summary judgment for the defendants in a garnishment action. 68 F.3d at 1019. The garnishment action was based on a consent judgment and side agreement between the plaintiff and non-parties, which provided any collection would be against the non-parties' insurers. *Id.* at 1018. The court analyzed whether a consent judgment may bind a non-party to the agreement in order for them to be liable for garnishment.

*Citizens Electric* is readily distinguishable from the case at hand. First, consent judgments "are interpreted as contracts and are to be construed only by reference to the 'four corners' of the

---

[1] DBR should have, at the very least, been on notice to conduct additional research into this borderline frivolous argument before submitting it to the Court. While arguing § 3203(c)(2) applies to this Writ, DBR, intentionally or unintentionally, ignored that § 3203(c)(1) states a court may issue a writ "on written application of counsel for the *United States*." (emphasis added).

[judgment] itself." *Robinson v. Vollert*, 602 F.2d 87, 92 (5th Cir. 1979) (citation omitted); *see also Smith v. Sch. Bd. of Concordia Parish*, 906 F.3d 327, 334 (5th Cir. 2018) ("Consent decrees are hybrid creatures, part contract and part judicial decree."). Since "the trial court plays no role in overseeing or approving of any settlement proposals," an action to enforce a contractual consent judgment involves an interpretive exercise that is not necessary when a court has issued a final judgment from litigation in front of the court. *United States v. City of Miami*, 614 F.2d 1322, 1330-31 (5th Cir. 1980). Here, the Court issued an Order and Final Judgment confirming the arbitration award, such that the interpretive exercise used by the *Citizens Electric* court is not needed. Even if it were, the Final Judgment is more than sufficient to identify the party against whom the judgment is rendered, the amount awarded, and the party for whom the judgment is rendered. *See* Doc. 30, Final J., 1.

DBR also cites *PDV Sweeny* in support of its argument that the Final Judgment is deficient. In *PDV Sweeny*, the court granted a motion to correct a judgment confirming a partial and final arbitration award when the judgment made no mention of the final award, and "neither the [o]rder nor the [j]udgment specified the amount of damages, costs, or interest" to which the party was entitled. *Id.* at *2.

Contrary to DBR's assertions, nothing in *PDV Sweeny* stands for the proposition that a court must quash a writ of execution because a party did not move to amend a final judgment that failed to explicitly state the specific monetary amount of a confirmed arbitration award. Further, the Order and Final Judgment here are distinguishable from the ones at issue in *PDV Sweeny*. The Court's Order states: "the Court GRANTS G Six's Motion and CONFIRMS the Arbitrator's award of $717,480.03 plus interest." Doc. 29, Order, 13. As well, the Final Judgment states "the Arbitrator's Final Award (Doc. 1-3) is CONFIRMED." Thus, unlike *PDV Sweeny*, the sum certain is plainly

contained in the Order and the award amount is incorporated into the Final Judgment by reference to the arbitration award. *See Andrews v. Roadway Express Inc.*, 473 F.3d 565, 569-70 (5th Cir. 2006) (holding that a final judgment's reference to an exhibit containing the parties to be paid was "more than sufficient to file a writ of execution under Texas law"). Thus, the Court finds DBR's inapplicable case law unpersuasive.

Finally, even if DBR's arguments had merit, Texas law establishes that the Writ is valid. "According to the plain language of the Texas Rules of Civil Procedure, the [writ of] execution itself—not the underlying judgment—must contain the names of the parties and the sum to be paid." *Andrews*, 473 F.3d at 569-70; *see also Appliance Liquidation Outlet, LLC v. Axis Supply Corp.*, No. SA-21-CV-00768-XR, 2024 WL 2319815, at *1 (W.D. Tex. May 22, 2024) (rejecting argument that a writ was invalid under Texas law because the judgment failed to specify the sum awarded). The Writ contains all the requirements of Texas law: it names the parties; identifies the Court, the judgment, the party in whose favor judgment was rendered, and all judgment amounts; is directed to the United States Marshall; is signed and sealed by the clerk; and is supported by counsel's sworn affidavit. *See* Tex. R. Civ. P. 629, 630; Doc. 33, Writ, 1-2.

Therefore, the Court finds the Writ complies with all Texas statutory requirements. Accordingly, the Court **DENIES** DBR's Motion to Quash Writ of Execution (Doc. 34).

**SO ORDERED.**

**SIGNED: September 2, 2026.**

_________________________________________
**JANE J. BOYLE**
**SENIOR UNITED STATES DISTRICT JUDGE**